IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WALLACE ALLEN WORTHAN, JR., | : <br> : <br> : |
| Plaintiff, | : <br> : |
| V. | : <br> : NO. 4:23-cv-00124-CDL-MSH |
| WEST CENTRAL GEORGIA REGIONAL HOSPITAL, | : <br> : <br> : |
| Defendant. | : <br> : |

## ORDER

Plaintiff Wallace Allen Worthan, Jr., a prisoner who is currently being held in the West Central Georgia Regional Hospital in Columbus, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. On review of the complaint, the Magistrate Judge recommended that the case be dismissed on the grounds that it was barred by claim preclusion and was frivolous. R. & R., ECF No. 7. Over Plaintiff's objections, this Court adopted the recommendation and dismissed the complaint. Order, ECF No. 10; J., ECF No. 11.

Plaintiff has now filed a motion for reconsideration of the dismissal order. Motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Instead, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336

(M.D. Ga. 2013).

Plaintiff's motion could also be considered as a motion to alter or amend the judgment under Rule 59(e). *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam). Similar to a motion for reconsideration, "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam). Such motions cannot be used "to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

In his motion, Plaintiff asserts that he is limited in what he can do, and he asks for "an expert witness in the cases of mind control." Mot. for Recon. 1-2, ECF No. 12. Plaintiff also states that he no longer wants to sue the hospital and is only looking for help. *Id.* at 3. This case has been dismissed, and Plaintiff does not identify any change in the law, newly discovered evidence, or clear error of law or of fact with regard to the dismissal order. Moreover, the role of the Court is to decide existing controversies. Providing the type of help that Plaintiff appears to be seeking would be well outside of that role. Thus, his motion for reconsideration is now **DENIED**.

**SO ORDERED**, this 8**th** day of **February, 2024**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA